IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUTH WALLACE, *et al*,<br>        Plaintiff, | CIVIL ACTION |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE, CO.,<br>        Defendant. | NO.  20-2264 |

### MEMORANDUM OPINION

Plaintiff Ruth Wallace was injured in a car accident in 2002.  After filing multiple lawsuits pertaining to her accident in Pennsylvania state court over the past 18 years, none of which succeeded, she and her husband filed the instant suit in federal court, arguing that the denial of coverage by Defendant State Farm Mutual Automobile Insurance Company ("State Farm") was a breach of contract, and that in handling the case, State Farm acted in bad faith, in violation of 42 Pa. C.S. § 8371.

The factual and procedural history of this case is lengthy, but simply stated, State Farm was the liability insurer of the other driver in Plaintiff's accident.  Plaintiff first sued that driver directly, *see Wallace v. Feeney*, 2013 WL 11289515 (Pa. Super. Jan. 29, 2013) ("*Wallace I*"), and, because the insurance did not cover all of her injuries, she next filed for Uninsured Motorist ("UIM") recovery with State Farm.  State Farm's policy contains an arbitration clause for UIM claims; as such, arbitration was held, and judgment was entered against Plaintiff's claim.  That judgment was subsequently affirmed by the Superior Court.  *See Wallace v. State Farm Mut. Auto. Ins. Co.*, 199 A.3d 1249, 1251 (Pa. Super. 2018), *rearg. denied* (Feb. 5, 2019), *app. denied*, 217 A.3d 199 (Pa. 2019) ("*Wallace II*").  Plaintiff and Allen Feingold, her disbarred former attorney, also filed a separate *pro se* lawsuit, against Defendant.  In it, she raised a variety

1

of claims that broadly alleged serious issues with the arbitration process and wrongful denial of coverage. *Feingold v. State Farm Mut. Ins. Co.*, 2015 WL 5478217, at *1 (Pa. Com. Pl. Aug. 12, 2015), *affirmed and adopted*, 153 A.3d 1117 (Pa. Super. 2016) ("*Wallace III*"). After the conclusion of all of these state court cases, Plaintiff filed the instant suit.

Defendant moves to dismiss[1] Plaintiff's Complaint, arguing that both claims she presently raises, for breach of contract and bad faith, were already decided in the state court suits and ensuing appeals, and as such are barred by claim preclusion.[2] Claim preclusion applies when there is "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991). The doctrine bars not only claims that were actually brought in the previous action, but also claims that could have been brought. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). The Third Circuit has instructed courts to "take a broad view of what constitutes the same cause of action," and the determination "turn[s] on the essential similarity of the underlying events giving rise to the various legal claims." *Davis v. Wells Fargo*, 824 F.3d 333, 342 (3d Cir. 2016) (internal quotation omitted).

Plaintiff argues that claim preclusion does not apply because the "sole issue to be decided . . . in Ruth Wallace's prior litigation was whether she had a meritorious claim to damages

---

[1] To survive a motion to dismiss for failure to state a claim, a Complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). In deciding the motion, in addition to allegations in the Complaint, it is appropriate to consider "public records, including judicial proceedings. . . ." *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999).

[2] Defendant also argues that, pursuant to the *Rooker-Feldman* doctrine, this Court lacks jurisdiction over both of Plaintiff's claims. *See Rooker v. Fidelity Trust Co*., 263 U.S. 413, 416 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 (1983). But that doctrine only applies to "state-court losers complaining of injuries *caused by state-court judgments*." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (emphasis added). It does not prevent a party a party from simply attempting to re-litigate matters decided by a state court as Plaintiff seeks to do here. *See Moncrief v. Chase Manhattan Mortg. Corp*., 275 F. App'x 149, 153 (3d Cir. 2008) (holding that a plaintiff's attempt to "relitigate the foreclosure action" is "not barred by *Rooker-Feldman*").

arising from the negligence of the tortfeasor in connection with her automobile collision.  That litigation did not involve any consideration as to whether the Wallaces might viably pursue complaints against the insurance policy of the vehicle driven by Ruth Wallace at the time of the accident."  In doing so, Plaintiff appears to wholly ignore[3] the substance of the two cases—which were both fully argued before the trial court and appealed to the Superior Court—that she subsequently filed against Defendant.  Both *Wallace II*, 199 A.3d 1249, and *Wallace III*, 2015 WL 5478217, represent final judgments on the merits between the identical parties as in this proceeding, *i.e.*, between Plaintiff Ruth Wallace and Defendant State Farm.[4]  Thus, both of these cases satisfy the first two requirements for claim preclusion.

Turning to the third requirement, that the subsequent suit be based on the same cause of action, or a cause of action that could have been brought initially.  Presently, Plaintiff alleges in her breach of contract claim that "Defendants' denial of benefits [was] without reasonable foundation and a breach of the contract between the defendant(s) and the plaintiff's assignor."  In *Wallace III*, she brought a functionally identical breach of contract claim, arguing that Defendant's "failure to pay full benefits to Plaintiff, even in the face of their undisputed

---

[3] Plaintiff, in a sur-reply for which she did not receive leave to file, acknowledges the existence of the two subsequent cases, but makes no effort to meaningfully distinguish them, instead simply asserting that *Wallace III* was about "some of the many improprieties that State Farm . . . perpetrated," and *Wallace II* was a "Petition to Appoint for the UIM Claims brought because the original State Farm insured possessed only a limited liability insurance policy."  Plaintiff also interestingly asserts that the present claims "did not yet even exist" at the time of these earlier cases, but alleges no facts that support such a conclusion.

[4] John Wallace, Plaintiff Ruth Wallace's husband, was not party to these former cases.  At the outset, it is unclear why John Wallace is included in the caption of this case.  The two claims in the Complaint refer to a singular plaintiff and allege no facts suggesting any claim for which John Wallace could recover.  His inclusion appears to be frivolous.  In any event, claim preclusion also applies to the privies of parties.  *See Lubrizol Corp.*, 929 F.2d at 963.  Privity exists where there is "an identification of interest of one person with another as to represent the same legal right."  *Greenway Ctr., Inc. v. Essex Ins. Co.*, 475 F.3d 139, 149 (3d Cir. 2007) (internal quotation omitted).  It applies when "the party adequately represented the nonparties' interests in the prior proceeding."  *In re Mickletz*, 544 B.R. 804, 816 (Bankr. E.D. Pa. 2016).  Given that, even in the most generous read of Plaintiff's Complaint, John Wallace's legal interests—if any—appear to coextend wholly with Plaintiff's and are based on the exact same alleged harms, such privity exists.

obligation to do so, is a breach of contract. . . ." *Wallace III*, 2015 WL 5478217, at *3. The court rejected this claim, holding that the "allegations are boilerplate averments without any factual support." *Id.* Her breach of contract claim was thus already considered—and denied—on the merits, and Plaintiff fails to allege any new facts in her Complaint to indicate that this breach of contract claim is different than the one rejected in *Wallace III* or otherwise could not have been raised in the initial proceeding.

In her second claim, Plaintiff alleges that the coverage denial was made in bad faith, following a "sham and rigged arbitration" proceeding. She has made an iteration of this argument twice already. In *Wallace II*, she specifically "averred that the neutral arbitrator had engaged in 'bad faith antics' prior to the arbitration and unbeknownst to her, proceeded with a 'sham arbitration hearing.'" 199 A.3d at 1254. She also "baldly assert[ed]" that the arbitrator engaged in inappropriate discovery, as she reiterates in the present suit. *Id.* at 1254-55. Despite these allegations of impropriety related to the arbitration, however, her attorney, Elliot Tolan (who represents her in this case as well), "admitted to the trial court that he did not ask the trial court to appoint a new arbitrator, request a continuance, or appear at the hearing to place an objection on the record that the hearing was unfair." *Id.* at 1256. Thus, Plaintiff failed, as a matter of law, to preserve her right to challenge State Farm's behavior in the arbitration proceeding. *Id.* (citing *State Farm Mutual Auto. Ins. Co. v. Dill*, 108 A.3d 882 (Pa. Super. 2015) (en banc)).[5] And because the failure was so clear, the Superior Court felt "compelled to impose sanctions *sua sponte* upon Attorney Tolan . . . based upon his obdurate and vexatious prosecution of a frivolous appeal despite his full knowledge that Wallace never preserved her objection to"

---

[5] As the Superior Court points out, Plaintiff's failure to object was "particularly troubling given the fact that her counsel" also represented the appellant in *Dill*, meaning he was "well aware that Wallace had to lodge an objection in order to preserve her claim." *Wallace II*, 199 A.3d at 1257.

4

the arbitration.  *Id.* at 1257.  Further, in *Wallace III*, Plaintiff raised—quite literally—the same bad faith claim as she brings here: it appears that nearly 70 paragraphs of Plaintiff's present Complaint is photocopied from the complaint in *Wallace III*.  And that claim was again fully litigated and heard on appeal, after which the court concluded that the "allegations of bad faith in Plaintiffs' Complaint merely states that State Farm did not make a good faith effort to resolve or pay the UIM claim.  There are no material facts pled as to how State Farm acted in bad faith." *Wallace III*, 2015 WL 5478217, at *3.  Plaintiff was thus heard not once, but twice, regarding allegations that Defendant acted in bad faith, and she lost both times.

Over the past 18 years, Plaintiff has poured significant time and effort into pursuing her claims through the Pennsylvania state court system—filing three separate lawsuits, and pursuing multiple appeals, raising claims that have been repeatedly rejected.  Undeterred by the Superior Court's sanctions against him in this matter already, *Wallace II*, 199 A.3d at 1257, her attorney, Tolan, has now also taken up the resources of the federal judiciary with this frivolous matter.  Federal Rule of Civil Procedure 11 provides that by "presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Plaintiff's claim shall be dismissed with prejudice,[6] and pursuant to Rule 11(c)(3), Tolan must show cause as to why his bringing these claims to court once again—this time a federal judicial tribunal—is not in violation of Rule 11(b).

---

[6] Although courts should freely grant leave to amend "when justice so requires, . . . a court may deny leave to amend when such amendment would be futile."  *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014) (internal quotations omitted).  Because Plaintiff's case is wholly barred by claim preclusion, and is frivolous, amendment would be futile.

An appropriate order follows.

**September 2, 2020**                               **BY THE COURT:**

                                                    **/s/Wendy Beetlestone, J.**

                                                    _____

                                                    **WENDY BEETLESTONE, J.**